UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 10-329** |
| **TRAVIS HUDSON** | **SECTION I** |

ORDER & REASONS

Before the Court is *pro se* defendant Travis Hudson's ("Hudson") motion[1] for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion.[2] Because Hudson has not demonstrated that he has satisfied the statutory exhaustion requirement, the motion is dismissed without prejudice.

I.

On January 9, 2013, Hudson pled guilty to counts one and twenty-one of the third superseding indictment,[3] which charged him with conspiracy to violate the Racketeer Influence and Corrupt Organizations Act ("RICO"), in violation of Title 18 U.S.C. § 1962(d) and distribution of a quantity of cocaine base, in violation of Title of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).[4] This Court sentenced Hudson on July 12, 2013 to a term of imprisonment of 240 months as to each count, to be served concurrently, and to one five-year term of supervised release as to the conspiracy

---

[1] R. Doc. No. 746.
[2] R. Doc. No. 749.
[3] R. Doc. No. 69.
[4] R. Doc. No. 334.

charge, and one three-year term of supervised release as to the distribution charge, to be served concurrently.[5] Hudson is currently incarcerated at USP Atlanta; his projected release date is June 3, 2027.[6]

Hudson asks the Court to grant him compassionate release due to the COVID-19 pandemic.[7] He contends that he suffers from "chronic kidney disease," which he states places him "at risk for severe illness, complication, or death" if he were to contract COVID-19.[8] He further states that he is "already suffering from cisted complication on my right jaw and private area."[9] He draws the Court's attention to what he characterizes as a similar situation in *United States v. Young*, No. 19-5055, 2020 WL 2614745 (W.D. Wash. May 22, 2020).

Hudson does not assert, however, that he has submitted a request for compassionate release to the warden of USP Atlanta or otherwise exhausted his administrative remedies with the Bureau of Prisons ("BOP"). Rather, he states that he "did all necessary processes in attempt to request home confinement from all administrative officials, including the warden."[10]

The government opposes Hudson's motion. The government asserts that Hudson has not has not "presented an internal request for release to his warden to start the 30-day clock that must run before this Court has authority to entertain his

---

[5] R. Doc. No. 522, at 2–3.
[6] R. Doc. No. 749, at 2.
[7] R. Doc. No. 746, at 1.
[8] *Id.*
[9] *Id.*
[10] *Id.*

2

motion, nor has he otherwise exhausted his administrative remedies."[11] Alternatively, the government argues that, should the Court reach the merits, compassionate release should be denied.[12] The government concedes that "Hudson's medical records confirm that he suffers from chronic kidney disease, stage 4 (severe)" and that, therefore, Hudson has alleged an extraordinary and compelling reason. However, the government argues that other factors weigh against Hudson's release.[13]

## II.

In pertinent part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the defendant has exhausted his administrative remedies and the court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

---

[11] R. Doc. No. 749, at 1.
[12] *Id*.
[13] *Id*. at 16–17.

In *United States v. Franco*, the Fifth Circuit determined that the administrative exhaustion requirement "is *not* jurisdictional, but that it *is* mandatory." No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020) (emphasis in original). This holding comports with that of three other circuits. *See United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020) (explaining that a court "may not grant relief" if the defendant has not complied with the exhaustion requirement, which operates as an "unyielding procedural requirement[]") (internal quotation and citations omitted); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"); *United States v. Springer*, No. 20-5000, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020).

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies. *United States v. Evans*, No. 16-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle*, No. 18-0250, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *see United States v. Roberts*, No. 15-135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020).

### III.

Hudson has not made a showing that he has "fully exhausted all administrative rights to appeal" or that 30 days have lapsed since the receipt of a request for compassionate release by the warden of the facility where he is

4

incarcerated. *See* 18 U.S.C. § 3582(c)(1)(A). Though Hudson states that he requested "home confinement" from the warden of his facility and that a response was not provided to him within 30 days,[14] a request for home confinement does not satisfy the administrative exhaustion requirement for compassionate release. *See, e.g.*, *United States v. Sutherland*, No. 17-131, 2020 WL 3251030, at *4 (M.D. Pa. June 16, 2020) (finding that a defendant who submitted a request to his warden for release to home confinement failed to exhaust the administrative remedies for compassionate release).

Home confinement is distinct from compassionate release; it is a different remedy, originating from a different statute, which a court must handle distinctly. *See Cordaro v. Finley*, No. 10-75, 2020 WL 2084960, at *1 (M.D. Pa. Apr. 30, 2020) ("Insofar as [the defendant's] filing is considered as a motion for compassionate release, it will be dismissed without prejudice for lack of jurisdiction due to his failure to exhaust his BOP administrative remedies under § 3582(c)(1)(A)(i). To the extent [the defendant] is challenging the BOP's decision that he is not eligible for home confinement designation under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, § 12003, the court does not have authority to grant his request for relief and order the BOP to release him to home confinement."); *see also United States v. Crinel*, No. 15-61, 2020 WL 3884521, at *3 (E.D. La. July 9, 2020) (Morgan, J.) (distinguishing compassionate release from home confinement).

---

[14] R. Doc. No. 746, at 1.

Because Hudson has not satisfied his burden of proof with respect to 18 U.S.C. § 3582(c)(1)(A)'s statutory exhaustion requirement, Hudson's motion for compassionate release is not properly before the Court.

## IV.

Accordingly,

**IT IS ORDERED** that Hudson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE**. Hudson may refile his motion once he has satisfied one of the two avenues for exhaustion pursuant to 18 U.S.C. § 3582(c)(1)(A).

New Orleans, Louisiana, September 29, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**