UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                             CRIMINAL ACTION

VERSUS                                                                            No. 10-329

TRAVIS HUDSON                                                                SECTION I

ORDER & REASONS

Before the Court is *pro se* defendant Travis Hudson's ("Hudson") motion[1] to reduce his sentence to time-served pursuant to 18 U.S.C. § 3582(c)(1)(A) and to appoint counsel to represent him in connection with his § 3582(c)(1)(A) motion. The government opposes the motion.[2] For the reasons set forth below, the Court denies Hudson's motion.

I.     BACKGROUND

In July 2013, Hudson pled guilty to counts one and twenty-one of a twenty-two count third-superseding indictment in this multi-defendant drug conspiracy.[3] Count one charged him with conspiracy to violate the Racketeer Influence and Corrupt Organizations Act; count twenty-one charged him with distribution of cocaine base.[4] This Court sentenced Hudson to a term of imprisonment of 240 months for each count, to be served concurrently, and to five- and three-year concurrent terms of

---

[1] R. Doc. No. 854.
[2] R. Doc. No. 858.
[3] R. Doc. No. 522 (judgement as to Travis Hudson); R. Doc. No. 69 (third superseding indictment).
[4] R. Doc. No. 69, at 2–21, 31–32.

1

supervised release for each count.[5] Hudson is currently incarcerated at Butner FMC with a projected release date of July 14, 2027.[6]

In September 2015, the Court, on its own motion pursuant to 18 U.S.C. § 3582(c)(2), reduced Hudson's sentences from 240 months to 210 months.[7] This reduction was based on changes to the U.S. Sentencing Guidelines that reduced Hudson's total offense level from 33 at the time of sentencing to 31 at the time of reduction.[8]

Hudson then filed his first motion[9] for compassionate release pursuant to the First Step Act in August 2020. In his motion, Hudson stated that he feared for his life because the COVID-19 pandemic and his chronic kidney disease put him at risk for COVID-19 complications.[10] Hudson also alleged medical issues related to his "private area" and right jaw.[11] The Court dismissed Hudson's motion without prejudice, finding that Hudson had not exhausted his administrative remedies as required for compassionate release.[12]

In November 2020, Hudson refiled his motion,[13] which stated that he had met the exhaustion requirement and included a letter detailing his future life plans if the

---

[5] R. Doc. No. 522, at 2–3.
[6] *Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited July 22, 2024).
[7] R. Doc. No. 684.
[8] *Id.*
[9] R. Doc. No. 746.
[10] *Id.*
[11] *Id.*
[12] R. Doc. No. 759, at 4–6.
[13] R. Doc. No. 765.

2

Court were to grant his motion for compassionate release. Hudson also filed a supplemental motion[14] for compassionate release stating that he had tested positive for COVID-19.

The Court, finding that Hudson had exhausted his administrative remedies, addressed Hudson's substantive arguments.[15] While the government conceded that Hudson's medical issues amounted to an extraordinary and compelling reason, the Court held that compassionate release was not warranted based on its assessment of the sentencing factors in 18 U.S.C. § 3553(a).[16] In particular, the Court concluded that Hudson's criminal history showed a propensity for violence and a disregard for the law.[17] The Court thereby held that Hudson's sentence was justified to protect the public, to reflect the seriousness of his offense, and as a means of promoting respect for the law and deterrence of future similar conduct.[18] The Court also noted that it could not conclude that Hudson was not a danger to any other person or the public.[19]

On March 29, 2024, Hudson filed a motion[20] to reduce his sentence pursuant to Amendment 821. The Court denied this motion.[21] The Court found that, although Amendment 821 reduced Hudson's criminal history points from 11 to 10, his criminal

---

[14] R. Doc. No. 773.
[15] R. Doc. No. 774, at 5–6.
[16] *Id.* at 6–10.
[17] *Id.* at 8–9.
[18] *Id.* at 9.
[19] *Id.* at 9–10.
[20] R. Doc. No. 820.
[21] R. Doc. No. 841.

history category remained at V.[22] The amendment therefore did not change his guideline range, making him ineligible for a further sentence reduction.[23]

Hudson has now filed his third motion[24] for compassionate release and a request to appoint counsel. Hudson's motion outlines various requirements for compassionate release and includes a brief background of his charges.[25] However, Hudson's motion does not include any arguments explaining why he meets the requirements for compassionate release or why the Court should appoint counsel in this matter. The government argues that Hudson has not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), that Hudson has provided no extraordinary or compelling reasons for a sentence reduction, and that the § 3553(a) factors do not warrant a sentence reduction.[26]

## II.   STANDARDS OF LAW AND ANALYSIS

### a.  Request to Appoint Counsel

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context of 18 U.S.C. § 3582(c)(2) motions, which are "analogous" to motions pursuant to 18 U.S.C. § 3582(c)(1)(A) like Hudson's, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Joseph*, No. 15-307,

---

[22] *Id.*
[23] *Id.*
[24] R. Doc. No. 854.
[25] *Id.*
[26] R. Doc. No. 858, at 3–4, 6.

4

2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (Vance, J.) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) and *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

"Although a defendant [filing] a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quotation and citation omitted); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require appointment of counsel where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se*. *Joseph*, 2020 WL 3128845, at *2 (quoting *Moore*, 400 F. App'x at 852) (internal alterations omitted).

Here, the interests of justice do not require the Court to appoint Hudson counsel with respect to his 18 U.S.C. § 3582(c)(1)(A) motion. Hudson's motion does not present complicated or unresolved issues, and he has proven himself capable of representing himself *pro se*. Hudson has represented himself over numerous years and numerous motions before this Court. And Hudson's previous motions for compassionate release demonstrate that he understands the statutory requirements. Hudson's request to appoint counsel will therefore be denied.

### b. Motion for Compassionate Release

Before a district court assesses the merits of a motion for compassionate release, a defendant must show that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has emphasized that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 920 (2020). Failure to satisfy this prerequisite is not jurisdictional, but exhaustion is a mandatory claim-processing rule that must be enforced if invoked by the government. *Id.* at 468–69. The defendant bears the burden of demonstrating exhaustion. *See, e.g.*, *United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020) (Feldman, J.); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020) (Africk, J.).

Hudson has not made a showing that he has "fully exhausted all administrative rights to appeal" or that thirty days have lapsed since the receipt of a request for compassionate release by the warden of the facility where he is incarcerated. *See* 18 U.S.C. § 3582(c)(1)(A). Hudson therefore fails to meet his exhaustion requirement. His motion is not properly before the Court, and it will be

6

denied without prejudice until Hudson can satisfy this Court that he has fully exhausted his administrative remedies.[27]

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Hudson's motion for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that Hudson's motion for a sentence reduction is **DENIED WITHOUT PREJUDICE** to his right to refile after satisfying the exhaustion requirements pursuant to 18 U.S.C. § 3582(c)(1)(A).

New Orleans, Louisiana, July 23, 2024.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[27] Should Hudson satisfy his exhaustion requirement and refile his motion, the Court notes that Hudson must also provide this Court with a basis to conclude that he meets the substantive requirements for compassionate release. Specifically, Hudson must demonstrate that there are extraordinary and compelling reasons justifying release and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" pursuant to 18 U.S.C. § 3582(c)(1)(A). Hudson must further demonstrate to the Court that there is a basis to conclude that it should revisit its February 26, 2021 order denying Hudson's motion for compassionate release based on the 18 U.S.C. § 3553(a) sentencing factors.